HOLLAND & KNIGHT LLP
 RICHARD E. LYON (SBN #46928)
 richard.lyon@hklaw.com
 THERESA W. MIDDLEBROOK (SBN #89709)
 theresa.middlebrook@hklaw.com
 STACEY H. WANG (SBN #245195)
 stacey.wang@hklaw.com
633 West Fifth Street, 21st Floor
Los Angeles, California  90071-2040
Telephone (213) 896-2400
Facsimile (213) 896-2450

HOLLAND & KNIGHT LLP
 SCOTT W. PETERSEN (*pro hac vice application pending*)
 scott.petersen@hklaw.com
131 South Dearborn Street, 30th Floor
Chicago, IL 60603
Telephone (312) 263-3600
Facsimile (312)-578-6666

Attorneys for Defendant and
Counterclaimant QVC, INC.



**BY FAX**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| L. TREMAIN, INC., a California Corporation,<br><br>                    Plaintiff,<br><br>          vs.<br><br>PAULA DEEN, an individual; PAULA DEEN ENTERPRISES, LLC, a Georgia Limited Liability Company; PAULA DEEN RETAIL, INC., a Georgia Corporation; PAULA DEEN ONLINE, INC., a Georgia Corporation; MEYER TRADING COMPANY, LTD., a Hong Kong Limited Company; QVC, INC., a Delaware Corporation; and DOES 1-10 Inclusive,<br><br>                    Defendants.<br><br>AND RELATED COUNTERCLAIMS. | CIVIL CASE NO.  SACV 10-00322 AG (RNBx)<br><br>**ANSWER OF DEFENDANT QVC, INC. TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR TRADEMARK INFRINGEMENT AND OTHER RELIEF**<br><br>**AND COUNTERCLAIMS** |

1

DEFENDANT QVC INC.'s ANSWER TO FIRST AMENDED COMPLAINT
AND COUNTERCLAIMS

Defendant QVC, INC. ("Defendant"), for itself and for no others, hereby answers the First Amended Complaint ("Complaint") of L. TREMAIN, INC. ("Tremain"), as follows:

## NATURE OF THE ACTION

1.      Defendant denies that it has infringed Tremain's BUTTER BELL® trademark.  Defendant admits the remaining allegations of Paragraph 1 of the Complaint.

## THE PARTIES

2.      Defendant lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 2 of the Complaint and, on that basis, denies the allegations.

3.      Defendant lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 3 of the Complaint and, on that basis, denies the allegations.

4.      Defendant lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 4 of the Complaint and, on that basis, denies the allegations.

5.      Defendant lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 5 of the Complaint and, on that basis, denies the allegations.

6.      Defendant lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 6 of the Complaint and, on that basis, denies the allegations.

7.      Defendant lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 7 of the Complaint and, on that basis, denies the allegations.

8.      Defendant admits that Defendant QVC, Inc. was at all relevant times, a corporation organized and existing under the laws of the state of Delaware and

2

DEFENDANT QVC INC.'s ANSWER TO FIRST AMENDED COMPLAINT
AND COUNTERCLAIMS

1  has a place of business at 1365 Enterprise Drive, West Chester, PA 19380, but

2  denies the remaining allegations of Paragraph 8 of the Complaint.

3       9.    Defendant lacks information and knowledge sufficient to form a belief

4  as to the truth or falsity of the allegations of Paragraph 9 of the Complaint and, on

5  that basis, denies the allegations.

6       10.    No response is called for by the allegations of Paragraph 10 of the

7  Complaint.  To the extent any allegations are made against this answering

8  Defendant, Defendant denies such allegations.

9                  **JURISDICTION AND VENUE**

10       11.    Defendant admits the allegations of Paragraph 11 of the Complaint.

11       12.    Defendant lacks information or knowledge sufficient to form a belief

12  as to the truth or falsity of the allegations of Paragraph 12 of the Complaint and, on

13  that basis, denies the allegations.

14       13.    Defendant denies participating in any events or committing any

15  omissions giving rise to a claim of trademark infringement.

16                       **FACTS**

17              **PLAINTIFF'S ACTIVITIES**

18       14.    Defendant lacks knowledge or information sufficient to form a belief

19  as to the truth or falsity of the allegations of Paragraph 14 of the Complaint and, on

20  that basis, denies the allegations.

21       15.    Defendant lacks knowledge or information sufficient to form a belief

22  as to the truth or falsity of the allegations of Paragraph 15 of the Complaint and, on

23  that basis, denies the allegations.

24       16.    Defendant admits that U.S. Trademark Registration No. 2,543,775

25  indicates that it was issued on March 5, 2002 by the U.S. Patent and Trademark

26  Office from Application Serial No. 75/717,722 and that said application was filed

27  on June 1, 1999 by KLP Enterprises LLC, a Nevada Limited Liability Company

28  and that no claim is made to the exclusive right to use "butter" apart from the mark

DEFENDANT QVC INC.'s ANSWER TO FIRST AMENDED COMPLAINT
AND COUNTERCLAIMS

1  as shown.  Defendant denies that the registration is valid and lacks knowledge or

2  information sufficient to form a belief as to the truth or falsity of the remaining

3  allegations of Paragraph 16 of the Complaint and, on that basis, denies such

4  allegations.

5       17.    Defendant admits that an incontestable trademark can only be

6  challenged on defined statutory grounds.  Defendant denies that U.S. Trademark

7  Reg. No. 2,543,775 can only be challenged on narrowly defined statutory grounds

8  and that an incontestable registration is conclusive evidence of Tremain's

9  ownership of the BUTTER BELL trademark and its validity.  Defendant admits

10  that U.S. Trademark Reg. No. 2,543,775 has become an incontestable registration

11  under Section 15 of the Lanham Act.  Defendant lacks knowledge or information

12  sufficient to form a belief as to the truth or falsity of the remaining allegations of

13  Paragraph 17 of the Complaint and, on that basis, denies such allegations.

14       18.    Defendant lacks knowledge or information sufficient to form a belief

15  as to the truth or falsity of the allegations of Paragraph 18 of the Complaint and, on

16  that basis, denies the allegations.

17       19.    Defendant denies that the term BUTTER BELL is inherently

18  distinctive, that it is either arbitrary or fanciful and that it is a strong mark entitled

19  to a broad scope of protection.  Defendant lacks knowledge or information

20  sufficient to form a belief as to the truth or falsity of the remaining allegations of

21  Paragraph 19 of the Complaint and, on that basis, denies such allegations.

22       20.    Defendant denies that it made any infringing products and that it uses

23  marketing and/or promotional channels to sell or market infringing products.

24  Defendant lacks knowledge or information sufficient to form a belief as to the truth

25  or falsity of the remaining allegations of Paragraph 20 of the Complaint and, on

26  that basis, denies such allegations.

27       21.    Defendant lacks knowledge or information sufficient to form a belief

28  as to the truth or falsity of the allegations of Paragraph 21 of the Complaint and, on

DEFENDANT QVC INC.'s ANSWER TO FIRST AMENDED COMPLAINT
AND COUNTERCLAIMS

that basis, denies the allegations.

22.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 22 of the Complaint and, on that basis, denies the allegations.

23.    Defendant admits that the website <www.butterbell.com> currently has a heading stating: "The Original Butter Bell® Crock The Authentic Line of French Butter Crockery."  Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 23 of the Complaint and, on that basis, denies such allegations.

24.    Defendant denies the allegations of Paragraph 24 of the Complaint.

25.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 25 of the Complaint and, on that basis, denies the allegations.

26.    Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 26 of the Complaint and, on that basis, denies the allegations.

27.    Defendant denies that because Tremain's website contains a separate section on private labeling of Butter Bell crocks, the Meyer Trading Company, Limited product could easily be thought by customers and potential customers to be a private label for Paula Deen of Tremain's product.  Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 27 of the Complaint and, on that basis, denies the allegations.

## DEFENDANT'S ACTIVITIES

28.    Defendant admits that it is in the business of selling a variety of kitchen products as well as numerous other items.  Defendant denies that it is in the same business as Tremain, and all other remaining allegations of Paragraph 28 of the Complaint.

5

29.     Defendant admits that Defendant Paula Deen is a well-known celebrity and chef and has a variety of books, videos, a website, and stores selling, among other things, gourmet food and related products, which she promotes and markets and endorses and sells.  Defendant denies all of the remaining allegations of Paragraph 29 of the Complaint.

30.     Defendant lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 30 of the Complaint and, on that basis, denies the allegations.

31.     Defendant lacks information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 31 of the Complaint and, on that basis, denies the allegations.

32.     Defendant alleges that in a four-minute QVC show that was nationally broadcast only once, Defendant Paula Deen demonstrated Defendant Meyer Trading Company, Limited's butter bell, and stated the term "butter bell" twice, in a generic sense, and that her co-host also stated the term "butter bell" twice, also in a generic sense; that Exhibit E to the Complaint includes true and accurate copies of pages taken from the QVC website and that at one time those pages included a video of said four-minutes show identified above.  Defendant further alleges that neither the product nor the packaging of the Defendant Meyer Trading Company, Limited's butter bell contained or bore the term "butter bell."  Defendant also admits that Paula Deen has promoted and marketed other products on the QVC website.  Defendant denies that the Paula Deen video referred to in Paragraph 32 of the Complaint is currently on QVC's website.  Defendant also denies that it has any infringing products and on that basis, denies the remaining allegations of Paragraph 32 of the Complaint.

33.     Defendant admits that the video of Paula Deen which appeared once on the QVC television channel where Paula Deen used the term "butter bell" twice, was accessible on the QVC website and displayed the words "New Today Paula

6

1    Deen Butter Bell with Swirl Design."  Defendant denies that Defendant has any

2    infringing products and, on that basis, denies the remaining allegations of

3    Paragraph 33 of the Complaint.

4        34.    Defendant denies the allegations of Paragraph 34 of the Complaint.

5        35.    Defendant denies the allegations of Paragraph 35 of the Complaint.

6       **WILLFULNESS OF DEFENDANT'S INFRINGING ACTIVITIES**

7        36.    Defendant denies the allegations of Paragraph 36 of the Complaint.

8        37.    Defendant denies the allegations of Paragraph 37 of the Complaint.

9        38.    Defendant lacks knowledge or information sufficient to form a belief

10    as to the truth or falsity of the allegations of Paragraph 38 of the Complaint and, on

11    that basis, denies the allegations.

12        39.    Defendant lacks knowledge or information sufficient to form a belief

13    as to the truth or falsity of the allegations of Paragraph 39 of the Complaint and, on

14    that basis, denies the allegations.

15        40.    Defendant denies the allegations of Paragraph 40 of the Complaint.

16        41.    Defendant lacks information or knowledge sufficient to form a belief

17    as to the truth or falsity of the allegations of Paragraph 41 of the Complaint and, on

18    that basis, denies the allegations.

19        42.    Defendant denies the allegations of Paragraph 42 of the Complaint.

20            **CLAIMS FOR RELIEF**

21            **First Claim for Relief**

22       **(Trademark Infringement under the Lanham Act)**

23        43.    Defendant hereby incorporates by reference Paragraphs 1 through 42

24    above as if fully set forth herein.

25        44.    Defendant denies the allegations of Paragraph 44 of the Complaint.

26        45.    Defendant denies the allegations of Paragraph 45 of the Complaint.

27        46.    Defendant denies the allegations of Paragraph 46 of the Complaint.

28

1

## Second Claim for Relief

2

## (Unfair Competition, False Designation of Origin, and False Advertising

3

## Under the Lanham Act)

4      47.    Defendant hereby incorporates by reference Paragraphs 1 through 46

5    above as if fully set forth herein.

6      48.    Defendant denies the allegations of Paragraph 48 of the Complaint.

7      49.    Defendant denies the allegations of Paragraph 49 of the Complaint.

8      50.    Defendant denies the allegations of Paragraph 50 of the Complaint.

9

## Third Claim for Relief

10

## (Trademark Infringement-California Business and Professions Code)

11      51.    Defendant hereby incorporates by reference Paragraphs 1 through 50

12    above as if fully set forth herein.

13      52.    Defendant denies the allegations of Paragraph 52 of the Complaint.

14

## Fourth Claim for Relief

15

## (Unfair Competition - California Business and Professions Code)

16      53.    Defendant hereby incorporates by reference Paragraphs 1 through 52

17    above as if fully set forth herein.

18      54.    Defendant denies the allegations of Paragraph 54 of the Complaint.

19      55.    Defendant denies the allegations of Paragraph 55 of the Complaint.

20

## Fifth Claim for Relief

21

## (Trademark Infringement and Unfair Competition - California Common

22

## Law)

23      56.    Defendant hereby incorporates by reference Paragraphs 1 through 55

24    above as if fully set forth herein.

25      57.    Defendant denies the allegations of Paragraph 57 of the Complaint.

26

## DAMAGES

27      58.    Defendant hereby incorporates by reference Paragraphs 1 through 57

28    above as if fully set forth herein.

DEFENDANT QVC INC.'s ANSWER TO FIRST AMENDED COMPLAINT
AND COUNTERCLAIMS

59. Defendant denies the allegations of Paragraph 59 of the Complaint.

60. Defendant denies the allegations of Paragraph 60 of the Complaint.

61. Defendant denies the allegations of Paragraph 61 of the Complaint.

62. Defendant denies the allegations of Paragraph 62 of the Complaint.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

**(Failure to State a Cause of Action)**

63. The causes of action set forth in the Complaint fail to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

**(Genericness)**

64. The causes of action set forth in the Complaint, and each of them, fail because Tremain's alleged trademark is generic.

**THIRD AFFIRMATIVE DEFENSE**

**(No Likelihood of Confusion, Mistake or Deception)**

65. The causes of action set forth in the Complaint, and each of them, fail because there is no likelihood of confusion, mistake or deception between the goods bearing Tremain's alleged trademark and the Meyer Trading Company, Limited's butter bell products. The purported mark is generic and non-distinctive. It is comprised of two generic terms "butter" and "bell," which collectively identify the product, its purpose and its shape. Tremain's practice of privately labeling its butter bell products with the names of others further destroys any ability of the term butter bell to function as an indicator of source, as it suggests multiple sources, encouraging the private labeled product purchasers and potential purchasers to use the term in a generic sense.

DEFENDANT QVC INC.'s ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS

## FOURTH AFFIRMATIVE DEFENSE

### (Fair and Good Faith Use)

66.     The causes of action set forth in the Complaint, and each of them, fail because the term "butter bell" is used fairly and in good faith and without any intent to infringe by the Defendant.

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

67.     The causes of action set forth in the Complaint, and each of them, fail due to Tremain's unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

### (Plaintiff's Wrongful Conduct)

68.     The damages sustained by Tremain, if any, as a result of the conduct complained of in the First Amended Complaint were caused, in whole or in substantial part, by the wrongful inequitable conduct of Tremain and/or its predecessors in interest by withholding relevant information from the United States Patent and Trademark Office on the issue of genericness and by misleading the Office on the question of the genericness of the butter bell term and as such, damages should be eliminated or reduced accordingly.

## SEVENTH AFFIRMATIVE DEFENSE

### (Laches)

69.     Tremain's claims should be barred, in whole or in substantial part, due to the doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE

### (Estoppel)

70.     Tremain's claims are or should be barred in whole or in substantial part, due to the doctrine of estoppel.

10

DEFENDANT QVC INC.'s ANSWER TO FIRST AMENDED COMPLAINT
AND COUNTERCLAIMS

## NINTH AFFIRMATIVE DEFENSE

### (Waiver)

71.     Tremain's claims should be barred, in whole or in substantial part, due to the doctrine of waiver.

## TENTH AFFIRMATIVE DEFENSE

### (Acquiescence)

72.     Tremain's claims are or should be barred in whole or in substantial part, due to the doctrine of acquiescence.

## ELEVENTH AFFIRMATIVE DEFENSE

### (No Basis for Enhanced Damages)

73.     At all relevant times, Defendant acted in good faith, thereby prohibiting any finding of intentional or willful conduct or any basis to support an award of enhanced or treble damages and attorney's fees.

## TWELFTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

74.     Tremain is barred from recovery against Defendant because Tremain would be unjustly enriched if allowed to recover any sum whatsoever against Defendant based on the allegations in the Complaint.

## COUNTERCLAIMS

Counterclaimant QVC, INC., for its counterclaims against Counter-Defendant, L. TREMAIN, INC., ("Tremain"), states and alleges as follows:

## THE PARTIES

1.     Counterclaimant, QVC, INC. is and was at all relevant times, a corporation organized and existing under the laws of Delaware, and having a place of business at 1365 Enterprise Drive, West Chester, PA 19380.

2.     On information and belief, Tremain is a corporation organized and existing under the laws of the State of California and has a place of business in Los

11

1  Angeles, CA.

2  **JURISDICTION AND VENUE**

3      3.      On or about April 28, 2010, Tremain served its First Amended

4  Complaint on the Counterclaimant alleging, among other things, that the

5  Counterclaimant was infringing its Federal Trademark Registration No. 2,543,775.

6  This Court has subject matter jurisdiction over these counterclaims pursuant to 28

7  U.S.C. §§1331, 1332, 1338 and 1367 and 15 U.S. § 1121 as the claims arise under

8  15 U.S.C. § 1119.  Venue in this District is based on 28 U.S.C. § 1391.

9      **COUNTERCLAIM FOR DECLARATORY JUDGMENT OF**

10      **INVALIDITY OF THE BUTTER BELL TRADEMARK AND OF**

11      **U.S. TRADEMARK REGISTRATION NO. 2,543,775**

12      **(Declaratory Judgment of Invalidity)**

13      4.      Counterclaimant incorporates by reference and re-alleges each of the

14  allegations set forth in Paragraphs 1-3 above of the Counterclaims.

15      5.      The United States Patent and Trademark Office ("USPTO")

16  erroneously registered the term "butter bell," even after requiring the disclaimer of

17  the word "butter" apart from the mark as a whole.

18      6.      The phrase "butter bell" is a generic designation for a two-piece

19  French butter dish or a *cloche de beurre* which is generally bell-shaped and is

20  designed to keep butter fresh without the use of a refrigerator.  Attached hereto as

21  Exhibit 1 is a copy of a 2005 Article describing the butter bell.  This article is

22  currently found at <http:\\everything2.com/title/french+butter+dish>.

23      7.      The generic term butter bell is incapable of functioning as a trademark

24  and distinguishing Tremain's goods from those of others.  Accordingly, the term is

25  not a valid trademark and Tremain's U.S. Trademark Registration No. 2,543,775

26  for said term is invalid.

27      8.      Tremain has sued the Counterclaimant for infringement of the

28  trademark BUTTER BELL and of U.S. Trademark Registration No. 2,543,775 for

12

DEFENDANT QVC INC.'s ANSWER TO FIRST AMENDED COMPLAINT
AND COUNTERCLAIMS

1  the term BUTTER BELL.

2      9.    By reason of the foregoing, an actual and judiciable controversy has

3  arisen and now exists between the Counterclaimant and Tremain as to the validity

4  of the trademark BUTTER BELL and of U.S. Trademark Registration No.

5  2,543,775.

6      10.    Continued registration of U.S. Registration No. 2,543,775 is harming

7  Counterclaimant inasmuch as it is being unreasonably restrained from the

8  enjoyment and fair use of the generic phrase butter bell in connection with butter

9  preserving crocks or dishes and will continue to be harmed absent court

10  intervention.

11      11.    By reason of this Counterclaim, Counterclaimant seeks a declaratory

12  judgment that the trademark BUTTER BELL and U.S. Trademark Registration No.

13  2,543,775 for the term "BUTTER BELL" are invalid.

14      12.    Tremain's suit for infringement of its asserted BUTTER BELL

15  trademark and its U.S. Trademark Registration No. 2,543,775 warrant judicial

16  relief from this Court in the form of a declaration that the BUTTER BELL

17  trademark and U.S. Trademark Registration No. 2,543,775 are invalid.

18  **COUNTERCLAIM FOR DECLARATORY JUDGMENT OF**

19  **NON-INFRINGEMENT OF THE BUTTER BELL TRADEMARK AND**

20  **OF U.S. TRADEMARK REGISTRATION NO. 2,543,775**

21  **(Declaratory Judgment of Non-Infringement)**

22      13.    Counterclaimant incorporates by reference and realleges each of the

23  allegations set forth in Paragraphs 1-3 and 5-12 of the Counterclaims.

24      14.    Counterclaimant has not and is not infringing any valid trademark in

25  the term butter bell nor is it infringing U.S. Trademark Registration No. 2,543,775

26  for the term BUTTER BELL by reason of a lack of likelihood of confusion on the

27  part of the customers and the prospective customers of the products of the

28  respective parties.

DEFENDANT QVC INC.'s ANSWER TO FIRST AMENDED COMPLAINT
AND COUNTERCLAIMS

15.   Counterclaimant has not and is not infringing any valid trademark in the term butter bell nor is it infringing U.S. Trademark Registration No. 2,543,775 for the term BUTTER BELL as the use of the term butter bell by the Counterclaimant constitutes fair use of the common meaning of the highly descriptive words to describe a two-piece French butter dish of this type.

16.   By reason of the foregoing, an actual and judiciable controversy has arisen and now exists between the Counterclaimant and Tremain as to the alleged infringement of the trademark BUTTER BELL and of U.S. Trademark Registration No. 2,543,775.

17.   Tremain's suit for infringement of the BUTTER BELL trademark and of U.S. Trademark Registration No. 2,543,775 against the Counterclaimant warrants judicial relief from this Court in the form of a declaration that the Counterclaimant's use of the term butter bell does not infringe any valid trademark rights of Tremain.

## **PRAYER FOR RELIEF**

WHEREFORE, the Counterclaimant in the Counterclaim for declaratory judgment of invalidity and non-infringement of the BUTTER BELL trademark and U.S. Trademark Registration No. 2,543,775 prays for the following relief:

A.   that Tremain's Complaint be dismissed with prejudice and that all relief to Tremain be denied;

B.   that judgment be entered declaring that the Counterclaimant's use of the term butter bell does not infringe any valid trademark rights of Tremain;

C.   that a judgment be entered declaring the BUTTER BELL trademark and U.S. Trademark Registration No. 2,543,775 invalid;

D.   that this case be declared exceptional because it has been brought unreasonably, is groundless, vexatious, pursued in bad faith and for the purpose of extracting a nuisance settlement, as Tremain has been aware at all times that its

14

DEFENDANT QVC INC.'s ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS

1  registration is legally invalid because it constitutes the improper registration of a
2  generic term, which registration Tremain obtained by its failure to be candid with
3  the trademark examiner assigned to its trademark application, and therefore
4  judgment is prayed to be entered declaring that the Defendant/Counterclaimant is
5  entitled to recovery of its attorney's fees in defense of Tremain's infringement
6  claims;
7      E.    that the Defendant/Counterclaimant be awarded its costs and;
8      F.    that the Defendant/Counterclaimant be awarded such other and further
9  relief as this Court deems proper.
10
11 Date:    May 19, 2010        HOLLAND & KNIGHT LLP
12
13     By:
14     Richard E. Lyon, Jr.
15     Theresa W. Middlebrook
    Stacey H. Wang
    Attorneys for Defendant and
16     Counterclaimant QVC, INC.
17 # 9478673_v4
18
...
28

15
DEFENDANT QVC INC.'s ANSWER TO FIRST AMENDED COMPLAINT
AND COUNTERCLAIMS

EXHIBIT 1

French Butter Dish@Everything2.com                                                      Page 1 of 2

**Pfaltzgraff Butter Dishes**          **Butter Dish-ButterWizard**          **The "French Butter Dish"**
Wide Selection of Butter Dishes now   Temperature Controlled Butter Dish   Handmade pottery, keeps butter
on Sale. Many Colors                  Heats & Cools for Perfect Butter      fresh without refrigeration!
Pfaltzgraff.com                       www.elfille.co.uk/USA/Index.php       www.frenchbutterdish.com

Ads by Google

## French Butter Dish

(thing)              by Lifix                                        Tue Apr 12 2005 at 14:20:37

When one thinks of grandmothers, one does not immediately equate them with technology. Much to my surprise and enjoyment, the last time I visited my grandmother, I found a quite remarkable piece of pottery that was quite impressive from an engineering standpoint. My grandmother called this a French Butter Dish, a Butter Bell, or a *beurrier*. This dish is designed to keep butter fresh without the use of a refrigerator.

**The Problem:** Butter, at room temperature, quickly goes rancid if exposed to air (the oxygen in the air actually). Usually, butter is stored in a refrigerator to prevent this process from happening, but all that is really needed is to keep the butter isolated from the air.

**The Solution:** A French butter dish uses water to seal off the butter from the air. The butter dish consists of two pieces: the bowl, and the cap. The bowl is a standard bowl, it is wider at its middle than at its top and looks like a small round vase. The top is a standard wooden top, with a bell shaped or cone shaped piece of pottery affixed underneath it. The top is turned upsidown and butter is placed into the bell or cone underneath the top, and the bowl is filled about a third full water. When the bell is inverted and placed into the bowl, the water rises above the bell and the butter is isolated from the air above the water.



Because butter is basically an oil, it won't mix with water. If the butter doesn't get too hot, it will stick to the inside of the bell, and you will always have fresh butter that's ready to serve. Unlike refrigerated butter, it will never be too hard, and I much prefer room temperature butter to the rock hard stuff I usually keep in my fridge. As long as the Butter Dish is kept out of direct sunlight, the butter will stay fresh almost indefinitely. For all of these benefits, the butter dish is not perfect. The water needs to be changed every day or two. I place a little salt in the water to keep it from molding. I also drilled a few small holes in my Butter dish to allow air to escape if it gets trapped in the bell after removing butter. If you do not want to alter your dish, you will need to top off the butter frequently, if air is allowed to fill the well left by the missing butter, it will cause the butter to go rancid and defeat the purpose of the pot.

From what I have been able to gather on the internet, The Butter Dish is becoming less and less common. If you want to buy one, even in France, you have to refer to them as a *beurrier* otherwise, you will be shown a standard assortment of 1 stick butter trays for a refrigerator. The design appears to have originated in the French town of Vallauris. Talking with a few French friends who have never heard of such a dish leads me to believe that these dishes are more popular in America then they are in France right now.

http://everything2.com/title/French+Butter+Dish

Exhibit 1 Page 1

French Butter Dish@Everything2.com                                          Page 2 of 2

These Butter dishes caught my interest because they are a <u>low-tech</u> <u>solution</u> to two problems, keeping butter fresh, and keeping it soft. *Bon Appétit*

**Hapax**: adds "It looks like you'll have better luck if you ask for a "beurrier à eau" -- a water-beurrier"

**Maylith**: adds "You will have better luck if you Google for "Butter Bell"."

Thanks to **lj**: for ASCII art.

http://everything2.com/title/French+Butter+Dish

Exhibit 1 Page 2

1    HOLLAND & KNIGHT LLP
      RICHARD E. LYON (SBN #46928)
2    richard.lyon@hklaw.com
      THERESA W. MIDDLEBROOK (SBN #89709)
3    theresa.middlebrook@hklaw.com
      STACEY H. WANG (SBN #245195)
4    stacey.wang@hklaw.com
   633 West Fifth Street, 21st Floor
5    Los Angeles, California 90071-2040
   Telephone (213) 896-2400
6    Facsimile (213) 896-2450

7    HOLLAND & KNIGHT LLP
      SCOTT W. PETERSEN (*pro hac vice application pending*)
8    scott.petersen@hklaw.com
   131 South Dearborn Street, 30th Floor
9    Chicago, IL 60603
   Telephone (312) 263-3600
10   Facsimile (312)-578-6666

11   Attorneys for Defendant and
    Counterclaimant QVC, Inc.

12

13              **UNITED STATES DISTRICT COURT**

14             **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| L. TREMAIN, INC., a California Corporation, | CIVIL CASE NO. SACV 10-00322 AG (RNBx) |
| Plaintiff, | |
| vs. | **PROOF OF SERVICE** |
| PAULA DEEN, an individual; PAULA DEEN ENTERPRISES, LLC, a Georgia Limited Liability Company; PAULA DEEN RETAIL, INC., a Georgia Corporation; PAULA DEEN ONLINE, INC., a Georgia Corporation; MEYER TRADING COMPANY, LTD., a Hong Kong Limited Company; QVC, INC., a Delaware Corporation; and DOES 1-10 Inclusive, | |
| Defendants. | |
| AND RELATED COUNTERCLAIMS. | |

1

1    I am employed in the County of Los Angeles, State of California.  I am over

2  the age of 18 and not a party to the within action.  My business address is 633 West

3  Fifth Street, 21st Floor, Los Angeles, California  90071-2040.

4    I served the following document(s) described as:

5  **ANSWER OF DEFENDANT QVC, INC. TO PLAINTIFF'S FIRST**

6  **AMENDED COMPLAINT FOR TRADEMARK INFRINGEMENT AND**

7  **OTHER RELIEF AND COUNTERCLAIMS** on all parties in this action at the

8  offices of the addressee(s) and/or number(s) indicated below:

9    Joseph A. Mandour, III, Esq.
     Ben T. Lila, Esq.
10   MANDOUR & ASSOCIATES, APC
     16870 West Bernardo Drive, Suite 400
11   San Diego, California  92127
     E-Mail:  jmandour@mandourlaw.com
12

13   ☒   (BY ELECTRONIC SERVICE)  On May 19, 2010, service was completed

14  pursuant to Central District of California, Order Authorizing Electronic Filing,

15  General Order No. 08-02, Section VII.A., which provides in part: "Upon the

16  electronic filing of a document, a NEF is automatically generated by the CM/ECF

17  system and sent by e-mail to all attorneys in the case who are registered CM/ECF

18  Users and have consented to electronic service.  Service of an electronically filed

19  document upon a CM/ECF User who has consented to electronic service is deemed

20  complete upon the transmission of the NEF."

21   ☒   (BY U.S. MAIL) On May 21, 2010, following ordinary business practices, I

22  placed the document for collection and mailing at the offices of Holland & Knight

23  LLP, 633 West Fifth Street, 21st Floor, Los Angeles, California 90071, in a sealed

24  envelope, first-class postage prepaid.  I am readily familiar with the business's

25  practice for collection and processing of correspondence for mailing with the

26  United States Postal Service, and, in the ordinary course of business, such

27  correspondence would be deposited with the United States Postal Service on the

28  day on which it is collected at the business.

2

1         I declare under penalty of perjury under the laws of the United States of

2    America that the above is true and correct.  Executed on May 21, 2010, at Los

3    Angeles, California.

4

5                                    Stacey H. Wang

6

7    # 9480306_v1

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28