HOLLAND & KNIGHT LLP
  RICHARD E. LYON (SBN #46928)
  richard.lyon@hklaw.com
  THERESA W. MIDDLEBROOK (SBN #89709)
  theresa.middlebrook@hklaw.com
  STACEY H. WANG (SBN #245195)
  stacey.wang@hklaw.com
633 West Fifth Street, 21st Floor
Los Angeles, California 90071-2040
Telephone (213) 896-2400
Facsimile (213) 896-2450

HOLLAND & KNIGHT LLP
  SCOTT W. PETERSEN (*pro hac vice application pending*)
  scott.petersen@hklaw.com
131 South Dearborn Street, 30th Floor
Chicago, IL 60603
Telephone (312) 263-3600
Facsimile (312)-578-6666

Attorneys for Defendants and
Counterclaimants Meyer Trading Company Limited,
Paula Deen, Paula Deen Enterprises, LLC, Paula Deen
Retail, Inc. and Paula Deen Online, Inc.

**BY FAX**

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| L. TREMAIN, INC., a California Corporation,<br><br>               Plaintiff,<br><br>    vs.<br><br>PAULA DEEN, an individual; PAULA DEEN ENTERPRISES, LLC, a Georgia Limited Liability Company; PAULA DEEN RETAIL, INC., a Georgia Corporation; PAULA DEEN ONLINE, INC., a Georgia Corporation; MEYER TRADING COMPANY, LTD., a Hong Kong Limited Company; QVC, INC., a Delaware Corporation; and DOES 1-10 Inclusive,<br><br>               Defendants.<br><br>AND RELATED COUNTERCLAIMS. | CIVIL CASE NO. SACV 10-00322 AG (RNBx)<br><br>**ANSWER OF DEFENDANTS PAULA DEEN, PAULA DEEN ENTERPRISES, LLC, PAULA DEEN RETAIL, INC., PAULA DEEN ONLINE, INC. AND MEYER TRADING COMPANY, LIMITED (ERRONEOUSLY SUED AS MEYER TRADING COMPANY, LTD.) TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR TRADEMARK INFRINGEMENT AND OTHER RELIEF**<br><br>**AND COUNTERCLAIMS** |

1

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS

Defendants PAULA DEEN, PAULA DEEN ENTERPRISES, LLC, PAULA DEEN RETAIL, INC., PAULA DEEN ONLINE, INC. and MEYER TRADING COMPANY, LIMITED (erroneously sued as MEYER TRADING COMPANY, LTD.), collectively, "the Answering Defendants", hereby answer the First Amended Complaint ("Complaint") of L. TREMAIN, INC. ("Tremain") as follows:

## NATURE OF THE ACTION

1.      The Answering Defendants deny that they have infringed Tremain's BUTTER BELL® trademark.  The Answering Defendants admit the remaining allegations of Paragraph 1 of the Complaint.

## THE PARTIES

2.      The Answering Defendants lack information or knowledge sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 2 of the Complaint and, on that basis, deny the allegations.

3.      The Answering Defendants admit the allegations of Paragraph 3 of the Complaint.

4.      The Answering Defendants admit that at all relevant times Defendant Paula Deen Retail, Inc. was a corporation organized and existing under the laws of the State of Georgia and deny the remaining allegations of Paragraph 4 of the Complaint.  The Answering Defendants allege that Defendant Paula Deen Retail, Inc. has a place of business at 108 West Congress Street, Savannah, Georgia 31401.

5.      The Answering Defendants admit that at all relevant times Defendant Paula Deen Online, Inc. was a corporation organized and existing under the laws of the State of Georgia and deny the remaining allegations of Paragraph 5 of the Complaint.  The Answering Defendants allege that Defendant Paula Deen Online, Inc. has a place of business at 2391 Downing Ave., Savannah, Georgia 31404.

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT AND
COUNTERCLAIMS

6.     The Answering Defendants admit that Defendant Paula Deen resides in the state of Georgia and is an officer and/or agent of Paula Deen Enterprises, Paula Deen Retail, and Paula Deen Online, but deny the remaining allegations of Paragraph 6 of the Complaint.

7.     The Answering Defendants allege that the name of the Defendant is Meyer Trading Company, Limited, and admit that it is a corporation organized and existing under the laws of Hong Kong, and having a place of business at G F grandeur Factory Building, 368 Kwun Tong Road, Hong Kong.  The Answering Defendants deny the remaining allegations of Paragraph 7 of the Complaint.

8.     The Answering Defendants admit that Defendant QVC, Inc. was at all relevant times, a corporation organized and existing under the laws of the state of Delaware and has a place of business at 1365 Enterprise Drive, West Chester, PA 19380, but deny the remaining allegations of Paragraph 8 of the Complaint.

9.     The Answering Defendants lack information and knowledge sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 9 of the Complaint and, on that basis, deny the allegations.

10.     No response is called for by the allegations of Paragraph 10 of the Complaint.  To the extent any allegations are made against the Answering Defendants, the Answering Defendants deny such allegations.

## JURISDICTION AND VENUE

11.     The Answering Defendants admit the allegations of Paragraph 11 of the Complaint.

12.     Defendant Meyer Trading Company, Limited denies all of the allegations of Paragraph 12 of the Complaint.  The remaining Answering Defendants deny directing business activities toward California through advertisements, promotions and sales, including targeting Orange County and Los Angeles County, but admit the remaining allegations of Paragraph 12 of the Complaint.

3

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS

13.   The Answering Defendants deny participating in any events or committing any omissions giving rise to a claim of trademark infringement. The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 13 of the Complaint and, on that basis, deny such allegations.

## FACTS

### PLAINTIFF'S ACTIVITIES

14.   The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 14 of the Complaint and, on that basis, deny the allegations.

15.   The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 15 of the Complaint and, on that basis, deny the allegations.

16.   The Answering Defendants admit that U.S. Trademark Registration No. 2,543,775 indicates that it was issued on March 5, 2002 by the U.S. Patent and Trademark Office from Application Serial No. 75/717,722 and that said application was filed on June 1, 1999 by KLP Enterprises LLC, a Nevada Limited Liability Company and that no claim is made to the exclusive right to use "butter" apart from the mark as shown. The Answering Defendants deny that the registration is valid and lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 16 of the Complaint and, on that basis, deny such allegations.

17.   The Answering Defendants admit that an incontestable trademark can only be challenged on defined statutory grounds. The Answering Defendants deny that U.S. Trademark Reg. No. 2,543,775 can only be challenged on narrowly defined statutory grounds and that an incontestable registration is conclusive evidence of Tremain's ownership of the BUTTER BELL trademark and its validity. The Answering Defendants admit that U.S. Trademark Reg. No.

4

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS

2,543,775 has become an incontestable registration under Section 15 of the Lanham Act.  The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 17 of the Complaint and, on that basis, deny such allegations.

18.     The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 18 of the Complaint and, on that basis, deny the allegations.

19.     The Answering Defendants deny that the term BUTTER BELL is inherently distinctive, that it is either arbitrary or fanciful and that it is a strong mark entitled to a broad scope of protection.  The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 19 of the Complaint and, on that basis, deny such allegations.

20.     The Answering Defendants deny that they made any infringing products and that they use marketing and/or promotional channels to sell or market infringing products.  The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations of Paragraph 20 of the Complaint and, on that basis, deny such allegations.

21.     The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 21 of the Complaint and, on that basis, deny the allegations.

22.     The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 22 of the Complaint and, on that basis, deny the allegations.

23.     The Answering Defendants admit that the website <www.butterbell.com> currently has a heading stating: "The Original Butter Bell® Crock The Authentic Line of French Butter Crockery."  The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth

5

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS

1  or falsity of the remaining allegations of Paragraph 23 of the Complaint and, on
2  that basis, deny such allegations.

3      24.    The Answering Defendants deny the allegations of Paragraph 24 of
4  the Complaint.

5      25.    The Answering Defendants lack knowledge or information sufficient
6  to form a belief as to the truth or falsity of the allegations of Paragraph 25 of the
7  Complaint and, on that basis, deny the allegations.

8      26.    The Answering Defendants lack knowledge or information sufficient
9  to form a belief as to the truth or falsity of the allegations of Paragraph 26 of the
10  Complaint and, on that basis, deny the allegations.

11      27.    The Answering Defendants deny that because Tremain's website
12  contains a separate section on private labeling of Butter Bell crocks, the Meyer
13  Trading Company, Limited product could easily be thought by customers and
14  potential customers to be a private label for Paula Deen of Tremain's product.  The
15  Answering Defendants lack knowledge or information sufficient to form a belief as
16  to the truth or falsity of the remaining allegations of Paragraph 27 of the Complaint
17  and, on that basis, deny the allegations.

18  **DEFENDANTS' ACTIVITIES**

19      28.    The Answering Defendants admit that Defendant Meyer Trading
20  Company, Limited is in the business of selling a variety of kitchen products
21  including ceramic crocks and that its crocks are imported by Defendant Meyer
22  Trading Company, Limited and that true and correct pages from Defendant's
23  website, <u>www.pauladeen.com</u>, describing some of the Defendants' businesses
24  and products are attached to the Complaint as Exhibit D.  The Answering
25  Defendants lack knowledge or information sufficient to form a belief as to whether
26  Defendant Meyer Trading Company, Limited is involved in many of the same
27  kinds of businesses as Tremain and, on that basis, denies the allegation.  The
28  Answering Defendants also lack knowledge or information sufficient to form a

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT AND
COUNTERCLAIMS

1 belief as to whether Defendant Meyer Company, Limited's ceramic crocks are

2 marketed and sold in many of the same or similar channels of commerce as

3 Tremain's products and, on that basis, denies the allegation.  The Answering

4 Defendants deny the remaining allegations of Paragraph 28 of the Complaint.

5      29.    The Answering Defendants admit that Defendant Paula Deen is a

6 well-known celebrity and chef and has a variety of books, videos, a website, and

7 stores selling, among other things, gourmet food and related products, which she

8 promotes and markets and endorses and sells.  The Answering Defendants deny all

9 of the remaining allegations of Paragraph 29 of the Complaint.

10      30.    The Answering Defendants lack knowledge or information sufficient

11 to form a belief as to the truth or falsity of the allegations of Paragraph 30 of the

12 Complaint and, on that basis, deny the allegations.

13      31.    The Answering Defendants lack knowledge or information sufficient

14 to form a belief as to the truth or falsity of the allegation that QVC is a significant

15 customer for Tremain's products and, on that basis, denies the allegation.  The

16 Answering Defendants admit that QVC is a significant customer and marketing

17 channel for Defendant Meyer Trading's products but deny all remaining allegations

18 of Paragraph 31 of the Complaint.

19      32.    The Answering Defendants allege that in a four-minute QVC show

20 that was nationally broadcast only once, Defendant Paula Deen demonstrated

21 Defendant Meyer Trading Company, Limited's butter bell, and stated the term

22 "butter bell" twice, in a generic sense, and that her co-host also stated the term

23 "butter bell" twice, also in a generic sense; that Exhibit E to the Complaint includes

24 true and accurate copies of pages taken from the QVC website and that at one time

25 those pages included a video of said four-minute show identified above.  The

26 Answering Defendants further allege that neither the product nor the packaging of

27 Defendant Meyer Trading Company, Limited's butter bell contained or bore the

28 term "butter bell."  The Answering Defendants admit that Paula Deen has

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT AND
COUNTERCLAIMS

1  promoted and marketed other products on the QVC website. The Answering
2  Defendants deny that the Paula Deen video referred to in Paragraph 32 of the
3  Complaint is currently on QVC's website. The Answering Defendants also deny
4  that Defendants have any infringing products and on that basis, deny the remaining
5  allegations of Paragraph 32 of the Complaint.

6      33.    The Answering Defendants admit that the video of Paula Deen which
7  appeared once on the QVC television channel where Paula Deen used the term
8  "butter bell" twice, was accessible on the QVC website and displayed the words
9  "New Today Paula Deen Butter Bell with Swirl Design." The Answering
10  Defendants deny that Defendants have any infringing products and on that basis,
11  deny the remaining allegations of Paragraph 33 of the Complaint.

12      34.    The Answering Defendants deny the allegations of Paragraph 34 of
13  the Complaint.

14      35.    The Answering Defendants deny the allegations of Paragraph 35 of
15  the Complaint.

16  **WILLFULNESS OF DEFENDANTS' INFRINGING ACTIVITIES**

17      36.    The Answering Defendants deny the allegations of Paragraph 36 of
18  the Complaint.

19      37.    The Answering Defendants deny the allegations of Paragraph 37 of
20  the Complaint.

21      38.    The Answering Defendants lack knowledge or information sufficient
22  to form a belief as to the truth or falsity of the allegations of Paragraph 38 of the
23  Complaint and, on that basis, deny the allegations.

24      39.    The Answering Defendants lack knowledge or information sufficient
25  to form a belief as to the truth or falsity of the allegations of Paragraph 39 of the
26  Complaint and, on that basis, deny the allegations.

27      40.    The Answering Defendants deny the allegations of Paragraph 40 of
28  the Complaint.

8

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT AND
COUNTERCLAIMS

41.    The Answering Defendants lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that Tremain made and sent a sample shipment of its BUTTER BELL product, for the purpose of testing it for use by Paula Deen and, on that basis, denies the allegation.  The Answering Defendants deny the remaining allegations of Paragraph 41 of the Complaint.

42.    The Answering Defendants deny the allegations of Paragraph 42 of the Complaint.

## CLAIMS FOR RELIEF

### First Claim for Relief

### (Trademark Infringement under the Lanham Act)

43.    The Answering Defendants hereby incorporate by reference Paragraphs 1 through 42 above as if fully set forth herein.

44.    The Answering Defendants deny the allegations of Paragraph 44 of the Complaint.

45.    The Answering Defendants deny the allegations of Paragraph 45 of the Complaint.

46.    The Answering Defendants deny the allegations of Paragraph 46 of the Complaint.

### Second Claim for Relief

### (Unfair Competition, False Designation of Origin, and False Advertising Under the Lanham Act)

47.    The Answering Defendants hereby incorporate by reference Paragraphs 1 through 46 above as if fully set forth herein.

48.    The Answering Defendants deny the allegations of Paragraph 48 of the Complaint.

49.    The Answering Defendants deny the allegations of Paragraph 49 of the Complaint.

50.    The Answering Defendants deny the allegations of Paragraph 50 of

9

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS

1 | the Complaint.

## **Third Claim for Relief**

### **(Trademark Infringement-California Business and Professions Code)**

51.     The Answering Defendants hereby incorporate by reference Paragraphs 1 through 50 above as if fully set forth herein.

52.     The Answering Defendants deny the allegations of Paragraph 52 of the Complaint.

## **Fourth Claim for Relief**

### **(Unfair Competition - California Business and Professions Code)**

53.     The Answering Defendants hereby incorporate by reference Paragraphs 1 through 52 above as if fully set forth herein.

54.     The Answering Defendants deny the allegations of Paragraph 54 of the Complaint.

55.     The Answering Defendants deny the allegations of Paragraph 55 of the Complaint.

## **Fifth Claim for Relief**

### **(Trademark Infringement and Unfair Competition - California Common Law)**

56.     The Answering Defendants hereby incorporate by reference Paragraphs 1 through 55 above as if fully set forth herein.

57.     The Answering Defendants deny the allegations of Paragraph 57 of the Complaint.

## **DAMAGES**

58.     The Answering Defendants hereby incorporate by reference Paragraphs 1 through 57 above as if fully set forth herein.

59.     The Answering Defendants deny the allegations of Paragraph 59 of the Complaint.

60.     The Answering Defendants deny the allegations of Paragraph 60 of

10

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS

1  the Complaint.

2      61.   The Answering Defendants deny the allegations of Paragraph 61 of

3  the Complaint.

4      62.   The Answering Defendants deny the allegations of Paragraph 62 of

5  the Complaint.

6                    **AFFIRMATIVE DEFENSES**

7                **FIRST AFFIRMATIVE DEFENSE**

8               **(Failure to State a Cause of Action)**

9      63.   The causes of action set forth in the Complaint fail to state a claim

10  upon which relief may be granted.

11               **SECOND AFFIRMATIVE DEFENSE**

12                    **(Genericness)**

13     64.   The causes of action set forth in the Complaint, and each of them, fail

14  because Tremain's alleged trademark is generic.

15               **THIRD AFFIRMATIVE DEFENSE**

16          **(No Likelihood of Confusion, Mistake or Deception)**

17     65.   The causes of action set forth in the Complaint, and each of them, fail

18  because there is no likelihood of confusion, mistake or deception between the

19  goods bearing Tremain's alleged trademark and the Meyer Trading Company,

20  Limited's butter bell products.  The purported mark is generic and non-distinctive.

21  It is comprised of two generic terms "butter" and "bell," which collectively identify

22  the product, its purpose and its shape.  Tremain's practice of privately labeling its

23  butter bell products with the names of others further destroys any ability of the

24  term butter bell to function as an indicator of source, as it suggests multiple

25  sources, encouraging the private labeled product purchasers and potential

26  purchasers to use the term in a generic sense.

27

28

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT AND
COUNTERCLAIMS

## FOURTH AFFIRMATIVE DEFENSE

### (Fair and Good Faith Use)

66.     The causes of action set forth in the Complaint, and each of them, fail because the term "butter bell" was used fairly and in good faith as the generic term for the goods, not as a trademark and without any intent to infringe by the Answering Defendants.

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

67.     The causes of action set forth in the Complaint, and each of them, fail due to Tremain's unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

### (Plaintiff's Wrongful Conduct)

68.     The damages sustained by Tremain, if any, as a result of the conduct complained of in the Complaint were caused, in whole or in substantial part, by the wrongful inequitable conduct of Tremain and/or its predecessors in interest by withholding relevant information from the United States Patent and Trademark Office on the issue of genericness and by misleading the Office on the question of the genericness of the butter bell term and as such, damages should be eliminated or reduced accordingly.

## SEVENTH AFFIRMATIVE DEFENSE

### (Laches)

69.     Tremain's claims should be barred, in whole or in substantial part, due to the doctrine of laches.

## EIGHTH AFFIRMATIVE DEFENSE

### (Estoppel)

70.     Tremain's claims are or should be barred in whole or in substantial part, due to the doctrine of estoppel.

## NINTH AFFIRMATIVE DEFENSE

12

**(Waiver)**

71.    Tremain's claims should be barred, in whole or in substantial part, due to the doctrine of waiver.

## TENTH AFFIRMATIVE DEFENSE

**(Acquiescence)**

72.    Tremain's claims are or should be barred in whole or in substantial part, due to the doctrine of acquiescence.

## ELEVENTH AFFIRMATIVE DEFENSE

**(No Basis for Enhanced Damages)**

73.    At all relevant times, the Answering Defendants acted in good faith, thereby prohibiting any finding of intentional or willful conduct or any basis to support an award of enhanced or treble damages and attorney's fees.

## TWELFTH AFFIRMATIVE DEFENSE

**(Unjust Enrichment)**

74.    Tremain is barred from recovery against the Answering Defendants because Tremain would be unjustly enriched if allowed to recover any sum whatsoever against the Answering Defendants based on the allegations in the Complaint.


## COUNTERCLAIMS

Counterclaimants PAULA DEEN, PAULA DEEN ENTERPRISES, LLC, PAULA DEEN RETAIL, INC., PAULA DEEN ONLINE, INC. and MEYER TRADING COMPANY, LIMITED, for their counterclaims against Counter-Defendant, L. TREMAIN, INC., ("Tremain"), state and allege as follows:

## THE PARTIES

1.    Counterclaimant PAULA DEEN ENTERPRISES, LLC, is and was at all relevant times, a limited liability company organized and existing under the laws of the State of Georgia, and having a place of business at 2391 Downing

13

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT AND
COUNTERCLAIMS

1  Avenue, Thunderbolt, Georgia 31404.

2    2.    Counterclaimant, PAULA DEEN RETAIL, INC., is and was at all

3  relevant times, a corporation organized and existing under the laws of the State of

4  Georgia, and having a place of business at 108 W. Congress Street, Savannah,

5  Georgia 31401.

6    3.    Counterclaimant, PAULA DEEN ONLINE, INC., is and was at all

7  relevant times, a corporation organized and existing under the laws of the State of

8  Georgia, and having a place of business at 2391 Downing Ave., Savannah, Georgia

9  31404.

10    4.    Counterclaimant, PAULA DEEN is an individual residing in the State

11  of Georgia and is an officer of PAULA DEEN ENTERPRISES, LLC, PAULA

12  DEEN RETAIL, INC. and PAULA DEEN ONLINE, INC.

13    5.    Counterclaimant, MEYER TRADING COMPANY, LIMITED, is and

14  was at all relevant times, a corporation organized and existing under the laws of

15  Hong Kong, and having a place of business at G F grandeur Factory Building, 368

16  Kwun Tong Road, Hong Kong.

17    6.    On information and belief, Counter-Defendant (Tremain), is a

18  corporation organized and existing under the laws of the State of California and

19  has a place of business in Los Angeles, CA.

20            **JURISDICTION AND VENUE**

21    7.    On or about April 28, 2010, Tremain served its First Amended

22  Complaint on the Counterclaimants alleging, among other things, that the

23  Counterclaimants were infringing its Federal Trademark Registration No.

24  2,543,775. This Court has subject matter jurisdiction over these counterclaims

25  pursuant to 28 U.S.C. §§1331, 1332, 1338 and 1367 and 15 U.S. § 1121 as the

26  claims arise under 15 U.S.C. § 1119. Venue in this District is based on 28 U.S.C.

27  § 1391.

28

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT AND
COUNTERCLAIMS

## COUNTERCLAIM FOR DECLARATORY JUDGMENT OF INVALIDITY OF THE BUTTER BELL TRADEMARK AND OF U.S. TRADEMARK REGISTRATION NO. 2,543,775

### (Declaratory Judgment of Invalidity)

### (On Behalf of All Counterclaimants)

8.     Counterclaimants incorporate by reference and reallege each of the allegations set forth in Paragraphs 1-7 above of the Counterclaims.

9.     The United States Patent and Trademark Office ("USPTO") erroneously registered the term "butter bell," even after requiring the disclaimer of the word "butter" apart from the mark as a whole.

10.     The phrase "butter bell" is a generic designation for a two-piece French butter dish or a *cloche de beurre* which is generally bell-shaped and is designed to keep butter fresh without the use of a refrigerator.  Attached hereto as Exhibit 1 is a copy of a 2005 Article describing the butter bell.  This article is currently found at <http:\\everything2.com/title/french+butter+dish>.

11.     The generic term butter bell is incapable of functioning as a trademark and distinguishing Tremain's goods from those of others.  Accordingly, the term is not a valid trademark and Tremain's U.S. Trademark Registration No. 2,543,775 for said term is invalid.

12.     Tremain has sued the Counterclaimants for infringement of the trademark BUTTER BELL and of U.S. Trademark Registration No. 2,543,775 for the term BUTTER BELL.

13.     By reason of the foregoing, an actual and judiciable controversy has arisen and now exists between the Counterclaimants and Tremain as to the validity of the trademark BUTTER BELL and of U.S. Trademark Registration No. 2,543,775.

14.     Continued registration of U.S. Registration No. 2,543,775 is harming Counterclaimants inasmuch as they are being unreasonably restrained from the

15

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS

1  enjoyment and fair use of the generic phrase butter bell in connection with butter

2  preserving crocks or dishes and will continue to be harmed absent court

3  intervention.

4      15.    By reason of this Counterclaim, Counterclaimants seek a declaratory

5  judgment that the trademark BUTTER BELL and U.S. Trademark Registration No.

6  2,543,775 for the term "BUTTER BELL" are invalid.

7      16.    Tremain's suit for infringement of its asserted BUTTER BELL

8  trademark and its U.S. Trademark Registration No. 2,543,775 warrant judicial

9  relief from this Court in the form of a declaration that the BUTTER BELL

10  trademark and U.S. Trademark Registration No. 2,543,775 are invalid.

11  **COUNTERCLAIM FOR DECLARATORY JUDGMENT OF**

12  **NON-INFRINGEMENT OF THE BUTTER BELL TRADEMARK AND**

13  **OF U.S. TRADEMARK REGISTRATION NO. 2,543,775**

14  **(Declaratory Judgment of Non-Infringement)**

15  **(On Behalf of All Counterclaimants)**

16      17.    Counterclaimants incorporate by reference and reallege each of the

17  allegations set forth in Paragraphs 1-8 and 10-16 of the Counterclaims.

18      18.    Counterclaimants have not and are not infringing any valid trademark

19  in the term butter bell nor are they infringing U.S. Trademark Registration No.

20  2,543,775 for the term BUTTER BELL by reason of a lack of likelihood of

21  confusion on the part of the customers and the prospective customers of the

22  products of the respective parties.

23      19.    Counterclaimants have not and are not infringing any valid trademark

24  in the term butter bell nor are they infringing U.S. Trademark Registration No.

25  2,543,775 for the term BUTTER BELL as the use of the term butter bell by the

26  Counterclaimants constitutes fair use of the common meaning of the highly

27  descriptive words to describe its products.

28      20.    By reason of the foregoing, an actual and judiciable controversy has

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT AND
COUNTERCLAIMS

1   arisen and now exists between the Counterclaimants and Tremain as to the alleged

2   infringement of the trademark BUTTER BELL and of U.S. Trademark

3   Registration No. 2,543,775.

4       21.    Tremain's suit for infringement of the BUTTER BELL trademark and

5   of U.S. Trademark Registration No. 2,543,775 against the Counterclaimants

6   warrants judicial relief from this Court in the form of a declaration that the

7   Counterclaimants' use of the term butter bell does not infringe any valid right of

8   Tremain.

9       **COUNTERCLAIM FOR INFRINGEMENT OF PAULA DEEN'S**

10      **RIGHT OF PUBLICITY**

11      **(On Behalf of Counterclaimant Paula Deen)**

12      22.    Counterclaimant Paula Deen incorporates by reference and realleges

13  each of the allegations set forth in Paragraphs 4, 7, 8, 10-17 and 19-21 of the

14  Counterclaims.

15      23.    Counterclaimant Paula Deen is a well-known public figure, a celebrity

16  and chef and has a variety of books, videos, a website and stores selling, among

17  other things, gourmet food and related products which she promotes, markets,

18  endorses and sells.  As a result of such activities, Paula Deen and her name are

19  widely known and associated with food and food products.

20      24.    Because of the celebrity of Paula Deen and her association with food

21  and related products, the use of her name in connection with the marketing, the

22  promotion, endorsement and sale of such products is a valuable commercial asset

23  belonging to and owned by Paula Deen.

24      25.    Tremain, without the permission of Paula Deen or any entity

25  authorized to grant that permission, has knowingly used Paula Deen's name on its

26  website, currently <www.butterbell.com>, to promote Tremain's butter bells and a

27  wide variety of food related and other products.  Such unauthorized use of Paula

28  Deen's name constitutes a misappropriation of her identity in a non-transformative

17

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT AND
COUNTERCLAIMS

1  manner intended to obtain a commercial advantage.

2       26.   As a result of such unauthorized use of Paula Deen's name, Tremain

3  has infringed Paula Deen's right of publicity.  Such infringement has damaged the

4  commercial value of Paula Deen's persona to the economic detriment of Paula

5  Deen.

6  **COUNTERCLAIM FOR VIOLATION OF**

7  **CALIFORNIA CIVIL CODE SECTION 3344**

8  **(On Behalf of Counterclaimant Paula Deen)**

9       27.   Counterclaimant Paula Deen incorporates by reference and realleges

10  each of the allegations set forth in Paragraphs 4, 7, 8, 10-17, 19-22 and 24-26 of

11  the Counterclaims.

12       28.   Tremain has knowingly used the name of Paula Deen for the purposes

13  of advertising and selling, or soliciting purchases of products, merchandise and

14  goods or services, without the consent of Paula Deen.

15       29.   By reason of such actions, Tremain is liable to Paula Deen for the

16  amount equal to the grater of seven hundred fifth dollars ($750) or the actual

17  damages suffered by her as a result of the unauthorized use.

18       30.   Paula Deen is entitled to an injunction restraining Tremain from

19  engaging in any further acts in violation of California Civil Code Section 3344.

20       31.   Paula Deen is further entitled to recover from Tremain any profits

21  from the unauthorized use that are attributable to such use and are not taken into

22  account in computing the actual damages, and for attorney's fees and costs.  Paula

23  Deen is further entitled to recover from Tremain all damages, including attorney's

24  fees, that Paula Deen has sustained and will sustain, and any gains, profits and

25  advantages obtained by Tremain as a result of Tremain's willful violation of Paula

26  Deen's rights.

27

28

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS

## **PRAYER FOR RELIEF**

WHEREFORE, the Counterclaimants in the Counterclaims for declaratory judgments of invalidity and non-infringement of the BUTTER BELL trademark and U.S. Trademark Registration No. 2,543,775 pray for the following relief:

A.     that Tremain's Complaint be dismissed with prejudice and that all relief to Tremain be denied;

B.     that judgment be entered declaring that the Counterclaimants' use of the term butter bell does not infringe any valid trademark rights of Tremain;

C.     that a judgment be entered declaring the BUTTER BELL trademark and U.S. Trademark Registration No. 2,543,775 invalid;

D.     that this case be declared exceptional because it has been brought unreasonably, is groundless, vexatious, pursued in bad faith and for the purpose of extracting a nuisance settlement, as Tremain has been aware at all times that its registration is legally invalid because it constitutes the improper registration of a generic term, which registration Tremain obtained by its failure to be candid with the trademark examiner assigned to its trademark application, and therefore judgment is prayed to be entered declaring that the Defendant/Counterclaimant is entitled to recovery of its attorney's fees in defense of Tremain's infringement claims;

E.     that the Defendants/Counterclaimants be awarded their costs and;

F.     that the Defendants/Counterclaimants be awarded such other and further relief as this Court deems proper.

WHEREFORE, Counterclaimant, Paula Deen, in the Counterclaims for infringement of her right of publicity and for violation of § 3344 of the California Civil Code, prays for the following relief:

G.     that Tremain be permanently enjoined from using Paula Deen's name or image or any confusingly similar designation in connection with any products;

19

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT AND COUNTERCLAIMS

1       H.    that Paula Deen recover all damages she has sustained as a result of

2   Tremain's infringement;

3       I.    that Paula Deen be awarded enhanced damages as a result of

4   Tremain's infringement to the full extent allowed by law;

5       J.    that Paula Deen recover all other relief the Court deems appropriate as

6   a result of Tremain's infringement; and

7       K.    that Paula Deen recover her costs of this action in connection with her

8   Counterclaim for infringement of her right of publicity;

9       L.    that Paula Deen be awarded all gains, profits and advantages derived

10   from Tremain's acts of violation of rights under California Civil Code § 3344 and

11   for any other violation of law as may be proved hereafter;

12       M.    that Tremain, its officers, directors and all other persons in active

13   concert or privity or in participation with Tremain be required to account for all

14   gains, profits and advantages derived from Tremain's acts of violation of rights

15   under California Civil Code § 3344; and

16       N.    that Paula Deen has judgment against Tremain for her costs and

17   reasonable attorney's fees as allowed by law as a result of the violation of her rights

18   under California Civil Code § 3344.

19

20   Date:    May 19, 2010        HOLLAND & KNIGHT LLP

21

22                           By:

23                              Richard E. Lyon, Jr.
                           Theresa W. Middlebrook

24                              Stacey H. Wang

25                              Attorneys for Defendants and
                           Counterclaimants Meyer Trading

26                              Company Limited, Paula Deen, Paula
                           Deen Enterprises, LLC, Paula Deen

27                              Retail, Inc. and Paula Deen Online,
                           Inc.

28   # 9468193_v2

DEFENDANTS' ANSWER TO FIRST AMENDED COMPLAINT AND
COUNTERCLAIMS

EXHIBIT 1

French Butter Dish@Everything2.com                                          Page 1 of 2

**Pfaltzgraff Butter Dishes**            **Butter Dish-ButterWizard**          **The "French Butter Dish"**
Wide Selection of Butter Dishes now     Temperature Controlled Butter Dish   Handmade pottery, keeps butter
on Sale. Many Colors                    Heats & Cools for Perfect Butter      fresh without refrigeration!
Pfaltzgraff.com                         www.altlle.co.uk/USA/index.php        www.frenchbutterdish.com

Ads by Google

## French Butter Dish

(thing)           by Lifix                               Tue Apr 12 2005 at 14:20:37

When one thinks of grandmothers, one does not immediately equate them with technology. Much to my surprise and enjoyment, the last time I visited my grandmother, I found a quite remarkable piece of pottery that was quite impressive from an engineering standpoint. My grandmother called this a French Butter Dish, a Butter Bell, or a *beurrier*. This dish is designed to keep butter fresh without the use of a refrigerator.

**The Problem:** Butter, at room temperature, quickly goes rancid if exposed to air (the oxygen in the air actually). Usually, butter is stored in a refrigerator to prevent this process from happening, but all that is really needed is to keep the butter isolated from the air.

**The Solution:** A French butter dish uses water to seal off the butter from the air. The butter dish consists of two pieces: the bowl, and the cap. The bowl is a standard bowl, it is wider at its middle than at its top and looks like a small round vase. The top is a standard wooden top, with a bell shaped or cone shaped piece of pottery affixed underneath it. The top is turned upsidown and butter is placed into the bell or cone underneath the top, and the bowl is filled about a third full water. When the bell is inverted and placed into the bowl, the water rises above the bell and the butter is isolated from the air above the water.



Because butter is basically an oil, it won't mix with water. If the butter doesn't get too hot, it will stick to the inside of the bell, and you will always have fresh butter that's ready to serve. Unlike refrigerated butter, it will never be too hard, and I much prefer room temperature butter to the rock hard stuff I usually keep in my fridge. As long as the Butter Dish is kept out of direct sunlight, the butter will stay fresh almost indefinitely. For all of these benefits, the butter dish is not perfect. The water needs to be changed every day or two. I place a little salt in the water to keep it from molding. I also drilled a few small holes in my Butter dish to allow air to escape if it gets trapped in the bell after removing butter. If you do not want to alter your dish, you will need to top off the butter frequently, if air is allowed to fill the well left by the missing butter, it will cause the butter to go rancid and defeat the purpose of the pot.

From what I have been able to gather on the internet, The Butter Dish is becoming less and less common. If you want to buy one, even in France, you have to refer to them as a *beurrier* otherwise, you will be shown a standard assortment of 1 stick butter trays for a refrigerator. The design appears to have originated in the French town of Vallauris. Talking with a few French friends who have never heard of such a dish leads me to believe that these dishes are more popular in America then they are in France right now.

http://everything2.com/title/French+Butter+Dish

Exhibit 1 Page 1

French Butter Dish@Everything2.com                                    Page 2 of 2

These Butter dishes caught my interest because they are a <u>low-tech</u> <u>solution</u> to two problems, keeping butter fresh, and keeping it soft. *Bon Appétit*

<u>Hapax</u>: adds "It looks like you'll have better luck if you ask for a "beurrier à eau" -- a water-beurrier",

<u>Maylith</u>: adds "You will have better luck if you Google for "Butter Bell"."

Thanks to <u>lj</u>: for ASCII art.

http://everything2.com/title/French+Butter+Dish

Exhibit 1 Page 2

1  HOLLAND & KNIGHT LLP
      RICHARD E. LYON (SBN #46928)
2      richard.lyon@hklaw.com
      THERESA W. MIDDLEBROOK (SBN #89709)
3       theresa.middlebrook@hklaw.com
      STACEY H. WANG (SBN #245195)
4       stacey.wang@hklaw.com
   633 West Fifth Street, 21st Floor
5  Los Angeles, California  90071-2040
   Telephone (213) 896-2400
6  Facsimile (213) 896-2450

7  HOLLAND & KNIGHT LLP
      SCOTT W. PETERSEN (*pro hac vice application pending*)
8       scott.petersen@hklaw.com
   131 South Dearborn Street, 30th Floor
9  Chicago, IL 60603
   Telephone (312) 263-3600
10 Facsimile (312)-578-6666

11 Attorneys for Defendants and
   Counterclaimants Meyer Trading Company Limited,
12 Paula Deen, Paula Deen Enterprises, LLC, Paula Deen
   Retail, Inc. and Paula Deen Online, Inc.

13

14                **UNITED STATES DISTRICT COURT**

15               **CENTRAL DISTRICT OF CALIFORNIA**

16 | L. TREMAIN, INC., a California | ) | CIVIL CASE NO.  SACV 10-00322 AG |
   | Corporation, | ) | (RNBx) |
17 | | ) | |
   | Plaintiff, | ) | **PROOF OF SERVICE** |
18 | | ) | |
   | vs. | ) | |
19 | | ) | |
   | PAULA DEEN, an individual; | ) | |
20 | PAULA DEEN ENTERPRISES, | ) | |
   | LLC, a Georgia Limited Liability | ) | |
21 | Company; PAULA DEEN | ) | |
   | RETAIL, INC., a Georgia | ) | |
22 | Corporation; PAULA DEEN | ) | |
   | ONLINE, INC., a Georgia | ) | |
23 | Corporation; MEYER TRADING | ) | |
   | COMPANY, LTD., a Hong Kong | ) | |
24 | Limited Company; QVC, INC., a | ) | |
   | Delaware Corporation; and DOES | ) | |
25 | 1-10 Inclusive, | ) | |
   | | ) | |
26 | Defendants. | ) | |
   |—————————| ) | |
27 | AND RELATED | ) | |
   | COUNTERCLAIMS. | ) | |
28 |—————————| ) | |

1

1    I am employed in the County of Los Angeles, State of California.  I am over

2    the age of 18 and not a party to the within action.  My business address is 633 West

3    Fifth Street, 21st Floor, Los Angeles, California  90071-2040.

4    I served the following document(s) described as:

5    **ANSWER OF DEFENDANTS PAULA DEEN, PAULA DEEN**

6    **ENTERPRISES, LLC, PAULA DEEN RETAIL, INC., PAULA DEEN**

7    **ONLINE, INC. AND MEYER TRADING COMPANY, LIMITED**

8    **(ERRONEOUSLY SUED AS MEYER TRADING COMPANY, LTD.) TO**

9    **PLAINTIFF'S FIRST AMENDED COMPLAINT FOR TRADEMARK**

10   **INFRINGEMENT AND OTHER RELIEF AND COUNTERCLAIMS** on all

11   parties in this action at the offices of the addressee(s) and/or number(s) indicated

12   below:

13   Joseph A. Mandour, III, Esq.
     Ben T. Lila, Esq.
     MANDOUR & ASSOCIATES, APC

14   16870 West Bernardo Drive, Suite 400
     San Diego, California  92127

15   E-Mail:  jmandour@mandourlaw.com

16   ☒    (BY ELECTRONIC SERVICE)  On May 19, 2010, service was completed

17   pursuant to Central District of California, Order Authorizing Electronic Filing,

18   General Order No. 08-02, Section VII.A., which provides in part: "Upon the

19   electronic filing of a document, a NEF is automatically generated by the CM/ECF

20   system and sent by e-mail to all attorneys in the case who are registered CM/ECF

21   Users and have consented to electronic service.  Service of an electronically filed

22   document upon a CM/ECF User who has consented to electronic service is deemed

23   complete upon the transmission of the NEF."

24   ☒    (BY U.S. MAIL) On May 21, 2010, following ordinary business practices, I

25   placed the document for collection and mailing at the offices of Holland & Knight

26   LLP, 633 West Fifth Street, 21st Floor, Los Angeles, California 90071, in a sealed

27   envelope, first-class postage prepaid.  I am readily familiar with the business's

28   practice for collection and processing of correspondence for mailing with the

United States Postal Service, and, in the ordinary course of business, such

2

correspondence would be deposited with the United States Postal Service on the day on which it is collected at the business.

    I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.  Executed on May 21, 2010, at Los Angeles, California.

Stacey H. Wang

# 9480300_v1

3